# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**LADARIUS OGLESBY**

**v.**                                        Civil Case No.  8:19-CV-1572-T-27AEP
                                              Crim Case No.  8:17-CR-507-T-27AEP

**UNITED STATES OF AMERICA**

_____/

## ORDER

**BEFORE THE COURT** is Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (cv Dkt. 1). The motion is **DENIED**.

### Procedural Background

Petitioner and ten others were charged in a ten count Second Superseding Indictment with conspiracy and controlled substance violations involving heroin, fentanyl, and fentanyl analogues. He pleaded guilty pursuant to a Plea Agreement to conspiracy to distribute controlled substances resulting in death and serious bodily injury (Count One) (cr Dkts. 222, 244). In exchange, Counts Four, Five and Six were dismissed (cr Dkt. 222 at ¶ 5). On December 3, 2018, he was sentenced to 230 months, followed by 5 years of supervised release (cr Dkt. 400). His appeal was dismissed by the Eleventh Circuit Court of Appeals (cr Dkt. 502). In his timely § 2255 motion, Petitioner raises five claims, one alleging prosecutorial misconduct, and four alleging ineffective assistance of counsel.

### Waiver by Guilty Plea

During his Rule 11 change of plea colloquy, Petitioner confirmed his understanding "that if you have any objections as to how the charges were brought against you or as to how the evidence was gathered in your case, [he] was waiving any objections to those matters by entering a plea of guilt." (cr Dkt. 493 at 39:12-18). The Magistrate Judge was correct. By pleading guilty,

1

he waived all non-jurisdictional challenges to his conviction, including his claim of prosecutorial misconduct and his claims of pre-plea ineffective assistance of counsel that do not relate to his decision to plead guilty. *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992); *Bradbury v. Wainwright*, 658 F.2d 1083, 1087 (5th Cir. 1981), *cert. denied*, 456 U.S. 992 (1982) (defendant who enters guilty plea waives all nonjurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained).

Accordingly, his claim that there was prosecutorial misconduct (Ground One), and his claims that his attorney was ineffective in failing to file pre-trial motions (Ground Two), challenge the sufficiency of the Second Superseding Indictment (Ground Three), and challenge the indictment and admissibility of co-conspirator statements (Ground Four), are all subsumed within and waived by his decision to plead guilty. His contention that his attorney should have challenged cause of death before advising him to plead guilty (Ground Five) is not waived but is without merit.

### Three Core Concerns for a Knowing and Voluntary Plea

Petitioner's Rule 11 change of plea colloquy demonstrates that the three core concerns of a knowing and voluntary guilty plea are met (cr Dkt. 493). His guilty plea was free from coercion, he understood the nature of the charge in Count One, and he understood the consequences of his guilty plea. *United States v. Gandy*, 710 F.3d 1234, 1240 (11th Cir. 2013). The Magistrate Judge found him competent, and that his guilty plea was "knowingly, voluntarily, and intelligently" entered (cr Dkt. 493 at 54:5-6). The proffered evidence supporting his guilty plea was compelling, and undisputed.[1]

---

[1] During Petitioner's Rule 11 colloquy, the prosecutor summarized the factual basis for Petitioner's guilty plea, including his distribution of carfentanil to H.C. and Y.C. and that Y.C. died as a result of ingesting the carfentanil. H.C. survived but was rendered unconscious and hospitalized. Petitioner also distributed bindles of controlled substances to J.A. in April 2017 at 2490 Chestnut Woods Drive, and J.A. died after ingesting furanylfentanyl. Petitioner's DNA was found in J.A.'s car near the Chestnut Woods residence. And on April 5, 2017, Petitioner distributed 89 bindles of fentanyl to an undercover detective at the Chestnut Woods residence. Under oath, Petitioner

**Ground One**: **Prosecutorial Misconduct**

Petitioner contends that "[t]he prosecuting attorney engaged in 'prosecutorial misconduct' by having movant plead to a fraudulent duplicitous indictment." (cv Dkt. 1-1 at 1). To prevail on a prosecutorial misconduct claim, he must show that the prosecutor's conduct was improper and that it was prejudicial to his substantial rights. *United States v. Bailey*, 123 F.3d 1381, 1400 (11th Cir. 1997).

By pleading guilty, Petitioner waived this non-jurisdictional claim. Moreover, this claim is procedurally defaulted because he failed to raise it on appeal. *Bousley v. United States*, 523 U.S. 614, 622-24 (1998). "Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." *McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir. 2001). A defendant can avoid this procedural bar by establishing cause for not raising the claim on appeal and actual prejudice resulting from the alleged error. *Bousley*, 523 U.S. at 622. Or, he may proceed, despite his failure to show cause for the procedural default, if a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Lynn v. United States*, 365 F.3d 1225, 1234-35 (11th Cir. 2004) (quoting *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994)).

Petitioner makes no attempt to show cause for his procedural default. Indeed, in his Plea Agreement, he waived the right to appeal, except in circumstances inapplicable here. Nor has he shown that a miscarriage of justice occurred, or that he is actually innocent. *See McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011). There is no excuse for his procedural default of Ground One.

---

expressed no disagreement with those facts, which largely mirrored the facts he stipulated to in his Plea Agreement (cr Dkt. 222 at ¶ 11).

Alternatively, assuming a cognizable claim in this § 2255 proceeding, this claim has no merit. Essentially, Petitioner accuses the prosecutor of compelling him to plead guilty to a duplicitous indictment. Specifically, Petitioner argues that Count One "charges two or more separate and distinct offenses . . . ." (cv Dkt. 1-1 at 1). But Count One was not duplicitous. Count One charged a single offense, conspiracy to distribute and possess with intent to distribute a controlled substance, the use of which resulted in death and serious bodily injury. As Petitioner acknowledges, conspiracy is an offense separate and distinct from the crime which is the object of the conspiracy. *United States v. Nims*, 524 F.2d 123, 126-27 (5th Cir. 1975). However, an indictment charging a conspiracy is not duplicitous where it "properly charge[s] a single illicit" agreement to possess and distribute a controlled substance. *United States v. Ramos*, 666 F.2d 469, 474 (11th Cir. 1982). Indeed, contrary to Petitioner's argument, the object of an § 846 conspiracy may be alleged without charging a substantive offense, or by alleging several objects of the conspiracy. *Braverman v. United States*, 317 U.S. 49, 54 (1942) ("The allegations in a single count of conspiracy to commit several crimes is not duplicitous, for '[t]he conspiracy is the crime, and that is one, however diverse its objects.'") (citation omitted). Ground One is therefore due to be denied.

### Ground Two: Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, Petitioner must show that counsel's performance was deficient, and that he was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668 (1984). Under this test, he must first show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed to the defendant by the Sixth Amendment. Second, he must show that the deficient performance prejudiced him. *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998) (citing *Strickland*, 466 U.S. at 687).

Relevant here, counsel owes a lesser duty to a client who pleads guilty than to one who goes to trial. *Wofford v. Wainwright*, 748 F.2d 1505, 1508 (11th Cir. 1984). When a defendant pleads guilty, counsel need only provide his client with an understanding of the law in relation to the facts so that the client can make an informed decision between pleading guilty and going to trial. *Id.* That said, a guilty plea may be collaterally attacked on the ground that counsel did not provide reasonably competent advice. *Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980) (citations omitted); *see also Bradbury*, 658 F.2d at 1087 (guilty plea waiver does not extend to claims of ineffective assistance of counsel that attack the voluntariness of the plea).

Petitioner contends that his attorney "coerced and informed" him that if he did not accept the plea agreement, he would receive a mandatory life sentence, enhanced under § 841(b)(1)(C), because a death resulted.[2] (cv Dkt. 1-1 at 2). He contends that this was "misleading and fraudulent" because he did not meet the criteria for enhancement under § 841(b)(1)(C).[3] (Id.). Construing his motion liberally, he contends that his attorney misrepresented his exposure under § 841(b)(1)(C) and told him he would be sentenced to a mandatory term of life if he did not plead guilty. He maintains that "had counsel performed properly, the outcome of the proceedings would have been different . . . ." (Id. at 3). Significantly, however, he does *not* allege that he would not have pleaded guilty, or explain how the outcome of the proceeding would have been different. In any event, these contentions are without merit, and more importantly, do not undermine the knowing and voluntary nature of his guilty plea.

---

[2] Petitioner's allegation that his attorney told him he would receive a mandatory life sentence is contradicted by counsel's affidavit (cv Dkt. 6-1 at ¶ 5). An evidentiary hearing on this purported dispute is unnecessary, as Petitioner under oath denied he was threatened or coerced into pleading guilty during his Rule 11 colloquy, confirmed to the Magistrate Judge his understanding of the penalties, and expressed his satisfaction with counsel's advice.

[3] Petitioner argues that counsel's advice was erroneous because he did not have a prior felony drug conviction that qualified him for a life sentence. But that is not the predicate for a life sentence under § 841(b)(1)(C). As explained to Petitioner by the Magistrate Judge, the maximum sentence was life because of the resulting death.

The Magistrate Judge conducted a thorough Rule 11 plea colloquy, during which Petitioner, while under oath, confirmed his understanding of the charge in Count One, admitted the facts supporting the charge, expressed satisfaction with counsel, and denied that anyone forced or threatened him to plead guilty. (cr Dkt. 493 at 28-29).[4] Petitioner's sworn statements during his Rule 11 colloquy belie his contentions that he was threatened and coerced to plead guilty.

Those sworn statements are presumed to be true. *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994), *cert denied*, 513 U.S. 864 (1994) (citing *United States v. Gonzalez-Mercado*, 808 F.2d 796, 799-800, n.8 (11th Cir. 1987)). And those sworn representations, along with the findings made by the Magistrate Judge accepting the plea, constitute "a formidable barrier" in this proceeding. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). And the presumption of truthfulness cannot be overcome by a bald assertion of misunderstanding, and a defendant will not be heard to later contend that his sworn statements during the Rule 11 colloquy were false. *Harvey v. United States*, 850 F.2d 388, 396 (8th Cir. 1988); *United States v. Stitzer*, 785 F.2d 1506, 1514, n. 4 (11th Cir. 1986).

Petitioner's statements during his Rule 11 colloquy likewise belie his contentions that he was misled as to the maximum penalty of life. During the colloquy, the Magistrate Judge advised him that Count One was punishable by "a mandatory minimum term of imprisonment of twenty years, up to a maximum term of life . . . ." (cr Dkt. 493 at 32:18-24). Petitioner confirmed his

---

[4] During his Rule 11 colloquy, Petitioner confirmed that he understood the charge to which he was pleading guilty, denied that his ADHD impacted his ability to discuss the case with his attorney or that anything impacted his ability to think clearly. He confirmed that he had a "full and fair opportunity to review all the facts and evidence" with his attorney, that his attorney had "done everything . . . that [he] asked him to do" in the case, and was "fully satisfied with the advice and representation [he] received in the case." He discussed with counsel his right to go to trial, and confirmed his satisfaction with his decision to plead guilty pursuant to the plea agreement. He confirmed that his attorney answered all of his questions about the plea agreement, that he understood its terms, and that he agreed to plead guilty to Count One of the Second Superseding Indictment which charged him with conspiracy to distribute a controlled substance resulting in death or serious bodily injury," which the United States explained was carfentanil. And he confirmed his understanding that notwithstanding the absence of a provision in his plea agreement, the United States would recommend a guidelines sentence. Petitioner denied that anyone had forced or threatened him to plead guilty, or promised him anything of value other than the terms of his plea agreement. *See* (cr Dkt. 493).

understanding of these penalties (Id. at 33:17-21). He likewise confirmed that for the minimum mandatory penalty to apply, "as well as a maximum sentence of life imprisonment," the Government would have to prove beyond a reasonable doubt that the controlled substances "resulted in death or serious bodily injury as alleged." (Id. at 40-41).

Accordingly, any alleged misadvice by counsel was cured by the Rule 11 colloquy. *See United States v. Wilson*, 245 F. App'x 10, 12 (11th Cir. 2007) (any failure by counsel to explain the possible punishment cured by plea colloquy); *Barker v. United States*, 7 F.3d 629, 633-34 (7th Cir. 1993) (finding no ineffective assistance of counsel because any prejudice caused by counsel's misinformation was cured by the district court's thorough examination of defendant at the change of plea hearing). And even taking Petitioner's allegation that his attorney told him he would receive life if convicted as true, that does not undermine the knowing and voluntary nature of his guilty plea. First, that was certainly a possibility, since Petitioner was charged with having caused two deaths. And counsel was duty bound to provide his client with an understanding of the law in relation to the facts so that the client can make an informed decision between pleading guilty and going to trial. *Wofford*, 748 F.2d at 1508. The advice need not have been errorless, but simply within the realm of competence demanded of attorneys representing criminal defendants. *Scott v. Wainwright*, 698 F.2d 427, 429 (11th Cir. 1983) (citations omitted).

During his Rule 11 change of plea colloquy, Petitioner expressed his unqualified satisfaction with counsel and confirmed that he faced a minimum of 20 years up to life in prison. Indeed, had he gone to trial and been convicted, he faced a potential life sentence under 21 U.S.C. § 841(b)(1)(C) because deaths resulted from his distribution of controlled substances. (Dkt. 328, PSR, at ¶ 140; Dkt. 222, Plea Agreement, at ¶ 2). And in his plea agreement, Petitioner confirmed that he was pleading guilty "freely and voluntarily without reliance upon any discussions . . . and

without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind." (cr Dkt. 222 at 18, ¶ 10).

Accordingly, considering his sworn statements during the plea colloquy and his representation in his plea agreement that he was pleading guilty "freely and voluntarily without threats, force, intimidation, or coercion of any kind," his allegation that his attorney coerced him to plead guilty is clearly refuted by the record. Ground Two is therefore without merit.

### Ground Three: Ineffective Assistance of Counsel

Petitioner contends his attorney was ineffective in "failing to challenge the superseding indictment." (cv Dkt. 1-1 at 3). In support, he contends that Count One "does not charge a cognizable federal offense" because it does not include a "statement of the essential facts and the citation of the statute." (Id.). He repeats his assertion that Count One is duplicitous for charging him with "three separate offenses." (Id. at 3-4). Further, he contends that he was not "informed properly of the nature of the charges." (Id. at 4). His contentions are without merit, and belied by the record, including his Rule 11 colloquy.

First, as noted, the Magistrate Judge explained to him that by pleading guilty, he was waiving the right to challenge the sufficiency of the Second Superseding Indictment (cr Dkt. 493 at 39:12-18). And Petitioner confirmed his understanding of the charge to which he was pleading, after the Magistrate Judge explained the essential elements of Count One. Moreover, his contention that Count One did not charge an offense is without merit, as discussed.

Accordingly, his attorney could not have been ineffective in failing to raise a meritless argument. *See Freeman v. Attorney General, State of Florida*, 536 F.3d 1225 (11th Cir. 2008) (citing *Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001)); *United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992); *Ladd v. Jones*, 864 F.2d 108, 110 (11th Cir. 1989)). Finally, since there is no deficiency in Count One,

Petitioner cannot show prejudice from counsel's failure to challenge the indictment. Ground Three is due to be denied.

### Ground Four: Ineffective Assistance of Counsel

Petitioner contends that his attorney was ineffective in "failing to challenge the indictment and co-conspirators [sic] statements," and failing "to read and review documents provided by the government which contained potentially exculpatory evidence." (cv Dkt. 1-1 at 4-5). These contentions are without merit.

This claim of pre-plea ineffective assistance of counsel was waived by Petitioner's guilty plea. As noted, the Magistrate Judge explained to Petitioner during his Rule 11 colloquy that by pleading guilty, he would be unable to challenge the indictment or evidence (cr Dkt. 493 at 39:12-18). And his contention that his attorney failed to review documents containing "potentially exculpatory evidence" is unsupported and conclusory. (cv Dkt. 1-1 at 4). He fails to explain what documents were not reviewed, or the nature of the claimed exculpatory evidence. Accordingly, Ground Four is due to be denied.

### Ground Five: Ineffective Assistance of Counsel

Petitioner contends that his attorney "should have challenged the cause of death before advising the petitioner to plead guilty to a charge with an enhancement that the Petitioner was not guilty of." (Id. at 6).

Specifically, he contends his attorney was ineffective in "failing to call into question and challenge the Petitioner's role in the offense and relevant conduct which was supposed to . . . [cause] the death of an individual in the furtherance of a drug trafficking crime which caused his actual offense level to be more than what it was supposed to be." (Id.). Construed liberally, he alleges that counsel's failure to challenge the cause of death resulted in an unknowing and involuntary guilty plea. This claim has no merit.

The Autopsy Protocol produced in discovery confirmed the cause of death as "Carfentanil intoxication." (cv Dkt. 6-2 at 6 ("Based on all information available to me at this time, it is my opinion that YC died as a result of Carfentanil intoxication.")). And the Magistrate Judge engaged Petitioner in a colloquy addressing cause of death. Petitioner expressly confirmed that "but for the victims ingesting the controlled substance, the victims would not have died or suffered serious bodily injury," and admitted that he sold carfentanil to Y.C. and H.C., resulting in Y.C.'s death and H.C.'s serious bodily injury. Considering the Autopsy Protocol and the Rule 11 colloquy, the knowing and voluntary nature of Petitioner's guilty plea was not undermined by the alleged failure of counsel to challenge cause of death.

Moreover, Petitioner's Plea Agreement and guilty plea foreclosed any challenge at sentencing as to whether he distributed the controlled substance resulting in the death of Y.C. As noted, his Rule 11 colloquy demonstrates that he understood the charge that the controlled substance he distributed to Y.C. caused his death. He admitted to having distributed carfentanil to Y.C., who died as a result. Unlike *Burrage v. United States*, 134 S. Ct. 881 (2014), there was no dispute that Y.C. died as a result of ingesting the carfentanil distributed by Petitioner. He was therefore correctly held accountable for Y.C.'s death, and can show no prejudice resulting from counsel's failure to challenge cause of death.[5] For these reasons, counsel was not ineffective in failing to challenge Petitioner's role and relevant conduct regarding the cause of the victim's overdose death. Ground Five is therefore due to be denied.

---

[5] Defense counsel successfully objected to the two level adjustment for maintaining a premises for the purpose of manufacturing or distributing a controlled substance under USSG § 2D1.1(b)(12). And Petitioner received the benefit of a two level downward departure based on substantial assistance. *See* (cr Dkt. 387).

## Evidentiary Hearing

There is no need for an evidentiary hearing as it "plainly appears from the face of the motion and the record that Petitioner is not entitled to relief." *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2002). Here, the allegations of the motion are affirmatively contradicted by the record, rendering evidentiary inquiry unnecessary. *Aron v. United States*, 291 F.3d 708, 715 (11th Cir. 2002); *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989); *United States v. Lagrone*, 727 F.2d 1037, 1038 (11th Cir. 1984).

## Certificate of Appealability

Before he may appeal the denial of his § 2255 motion to vacate, a Certificate of Appealability must issue. 28 U.S.C. § 2253(c)(1). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at (c)(2). Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Drake*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). He cannot make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). And reasonable jurists would not find this court's assessment of the constitutional claims debatable or wrong.

When a motion is denied on procedural grounds, without reaching the underlying constitutional claim, a COA should issue only when the movant shows that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. When a COA application concerns a procedural ruling, the required showing must include both the procedural issue and the constitutional issue. *Id.* Petitioner cannot

make that showing. Jurists of reason would not debate that Petitioner should be denied relief. And since he is not entitled to a COA, he is not entitled to appeal *in forma pauperis*. The Clerk is directed to close this case.

      **DONE AND ORDERED** this 4th day of December, 2019.

*/s/ James D. Whittemore*

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:      Counsel of Record, *Pro se* Petitioner